---

In re PHILLIPS.

(Supreme Court, Appellate Division, Second Department.   March 17, 1911.)

1. WITNESSES (§ 307*)—SUBPŒNA—VACATION—GROUNDS.

The Supreme Court at Special Term cannot set aside a subpœna lawfully issued, and relieve the party summoned from attendance, on the ground that, if he appeared, he might be asked questions, answers to which might tend to incriminate him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1061–1064; Dec. Dig. § 307.*]

2. WITNESSES (§ 292*)—PRIVILEGES—NATURE.

The privilege of a witness to refuse to answer questions affecting his constitutional rights is simply an option of refusal, and not a prohibition of inquiry.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 292.*]

Appeal from Special Term, Queens County.

An order was made by the Supreme Court (70 Misc. Rep. 8, 127 N. Y. Supp. 1048), resettling an order vacating a subpœna issued to John M. Phillips, and Samuel H. Ordway, Commissioner, and others, appeal. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Nelson S. Spencer, for appellant Ordway.

Charles Pope Caldwell (Frederick M. Thompson, on the brief), for appellants Keating and others.

Eugene N. L. Young, for respondent.

HIRSCHBERG, J.   The question presented on this appeal is whether the Supreme Court at Special Term may set aside a subpœna lawfully issued and relieve the party subpœnaed from attending in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

obedience to it, on the ground that, if he appear and be sworn, he may be asked questions the answers to which may tend to incriminate him. I know of no authority for such a course, and none is cited in the respondent's brief.

The proceeding in which the supœna was issued is instituted for the removal of a borough president by the Governor of the state, and has been taken under section 382 of the charter of the city of New York (Laws 1901, c. 466). By section 34 of the public officers law (Consol. Laws, c. 47) it is provided in substance that the evidence taken in proceedings for such removal may be taken before a commissioner appointed for that purpose by the Governor, and that the commissioner so appointed may issue subpœnas requiring the attendance and examination of witnesses before him. In this case Samuel H. Ordway was duly appointed commissioner, and he issued a subpœna requiring the respondent, John M. Phillips, to attend before him and testify. Mr. Phillips at the time was under indictment for offenses connected with the subject-matter of the investigation, and it is undoubted that an examination might, and probably would, relate to matters in respect to which it would be his constitutional privilege to refuse to answer, on the ground that the answers might tend to incriminate him. I do not think, however, that this fact justified the granting of the order appealed from; the duty of the witness subpœnaed being to attend in obedience to the lawful process, to be sworn as a witness, and to refuse to answer such questions as might trench upon his constitutional rights, under the shield of the privilege referred to. As is said in Wigmore on Evidence, § 2268:

"The privilege is simply an option of refusal, not a prohibition of inquiry."

The only case cited in support of the order appealed from which may be said to be in point is Matter of Foster, 139 App. Div. 769, 124 N. Y. Supp. 667. That case, however, related to a subpœna duces tecum requiring the witness to produce documents. The case, therefore, is clearly distinguishable; the mischief being accomplished by the mere act of obedience to the mandate, while in the case at bar the witness can attend and be examined on many subjects connected with the inquiry, other than those which relate to the criminal charges pending against him. As was said by the court in Matter of Foster, 139 App. Div. 774, 124 N. Y. Supp. 671:

"On oral examination he may object, if the question addressed to him violates his natural or constitutional right, and he may *then* plead the protection secured to him. The testimony of a written instrument is given as soon as the eye falls on it, and the mind thereby becomes possessed of its contents."

The order should therefore be reversed, with $10 costs and disbursements, and the subpœna reinstated, or a new one issued, as the appellants may be advised. All concur.