■ In the Matter of the Arbitration between LOCAL UNION No. 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Respondent, and TORMOD LANGEMYR, Doing Business as TOM CARPENTRY CONSTRUCTION COMPANY, Appellant.— In an arbitration proceeding initiated by a carpenters' union pursuant to its alleged collective bargaining agreement with an employer, the latter appeals from an order of the Supreme Court, Rockland County, entered October 15, 1965, which (1) denied his motion (a) to quash a subpoena duces tecum served upon him at the instance of the union and (b) to stay the proceeding and (2) granted the union's cross motion to compel compliance with the subpoena. Order modified by striking out the words "for examination" from the last ordering paragraph thereof and by adding thereto a provision to the effect that at the hearing the revelation of the contents of the records to be produced by the employer, by his testimony or by inspection by others, shall be subject to his assertion of the privilege against self incrimination. As so modified, order affirmed, without costs. Pursuant to the agreement, the union demanded arbitration of its claim that the employer had neglected and refused to make certain substantial contributions, based on his payroll for the period in question, to trust funds that provide fringe benefits for all union members. During the course of hearings before the arbitrator, the employer was indicted with respect to the same subject matter, under section 962-a of the Penal Law. The union served upon the employer a subpoena requiring him to produce before the arbitrator all his records pertaining to the issues that were specified in its demand for arbitration. The employer moved to quash the subpoena upon the ground that compliance would deprive him of his constitutional privilege against self incrimination. The union cross-moved to compel compliance, upon the grounds that, by the terms of the agreement, it was entitled to an examination of the employer's books and that an audit would furnish the best evidence on the issue. The learned Special Term held that the employer's claim of privilege, prior to his appearance and production of the records, was pre-

mature and ordered him to "produce at said hearing *for examination,* the books, papers, records and other things which he was directed to produce by said subpœna" (emphasis supplied). Even though the records be not received in evidence, a direction to produce them and to submit them to examination, in the face of an assertion of the privilege, is an infringement of constitutional rights (*Matter of Hirshfield* v. *Craig,* 239 N. Y. 98, 118; *Matter of Foster,* 139 App. Div. 769; *Matter of Phillips,* 143 App. Div. 522). "The testimony of a written instrument is given as soon as the eye falls upon it and the mind thereby becomes possessed of its contents" (*Matter of Foster, supra,* p. 774). Under all the circumstances, we deem the above modification of the order appropriate (see CPLR 2304 and *Langemyr* v. *Campbell,* 25 A D 2d 538, decided herewith). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.